**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**GRAIN DEALERS MUTUAL INSURANCE COMPANY**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 2:16-cv-39-KS-MTP**

**TAMMY COOLEY, ET AL.**   **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Defendants' Motion to Amend Scheduling Order [38], Defendants' Motion to Compel [43], and Plaintiff's Motion to Strike [51]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that Defendants' Motion to Amend Scheduling Order [38] should be granted in part and denied in part, Defendants' Motion to Compel [43] should be granted in part and denied in part, and that Plaintiff's Motion to Strike [51] should be denied.

In this declaratory judgment action, Plaintiff Grain Dealers Mutual Insurance Company seeks a declaration that its policy with the Defendants precludes coverage for third-party claims relating to a gasoline leak that occurred at the Defendants' gas station. Specifically, Plaintiff argues that the policy's pollution exclusion precludes coverage for claims relating to the leeching of gasoline into the soil and/or water on neighboring landowners' properties.

**Motion to Compel [43]**

On November 9, 2016, Defendants served interrogatories, requests for production of documents, and requests for admissions on Plaintiff. *See* Notices [25] [26] [27]. On December 13, 2016, Plaintiff filed their discovery responses. *See* Notice [34]. The parties had disagreements over several discovery requests and responses, and on December 21, 2016, the Court conducted a discovery conference with the parties to discuss their disagreements. The

parties were unable to resolve their disputes, and the Court set an expedited briefing schedule for any discovery motions. *See* Order [42].

On December 27, 2016, Defendants filed their Motion to Compel [43]. According to the Motion, the parties were disputing more than twenty discovery requests. After the Motion was filed, however, the parties were able to resolve many of their disputes. *See* Response [48]; Rebuttal [50]. Currently, six discovery requests remain in dispute.

Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweights it likely benefits.

Fed. R. Civ. P. 26(b)(1). This Rule also specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "It is well established that the scope of discovery is within the sound discretion of the trial court." *Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009).

In each of the discovery requests which remain in dispute, Defendants are attempting to gather information concerning how Plaintiff has previously handled claims involving gasoline leaks and whether Plaintiff has consistently characterized gasoline as a pollutant.

> **Interrogatory No. 4:** Have you ever been party to any other similar lawsuit or declaratory actions where the subject of the lawsuit was coverage related to a gasoline leak at an insured's property? If so, please state the style, cause number, and place of filing of any such lawsuit, or other applicable claim.

**Interrogatory No. 5:** Identify all claims, lawsuits, or other actions where Grain Dealers has taken the position that a claim is excluded from coverage under its policy because the claim arises from a gas leak at a service station.

**Interrogatory No. 8:** With respect to each person who had any role whatsoever in working on or adjusting insurance claims for damages sustained to property as a result of gasoline leaks, please state:

a) the name;
b) address;
c) telephone number;
d) title of each person;
e) whether each person has personal knowledge surrounding the claim; and
f) identify all documents that support or explain these facts.

(This Interrogatory seeks the name of every employee or contractor of Grain Dealers who had anything to do with the claim, including the adjusters, branch claim representatives, regional or home office claims auditors or claims examiners, all claims managers and claims supervisors at any level, executive officers of the company, and all members of any review committee or claims committee).

**Interrogatory No. 12:** List the names of any insureds who made claims within the past 15 years on businessowners policies issued by you in which you concluded that gasoline or gasoline additives are not "pollutants" as that term is defined in those policies and provide the dates those claims were submitted to you.

**Interrogatory No. 13:** List the style of each legal proceeding to which you were a party within the last 15 years in which the issue of whether gasoline or gasoline additives were "pollutants" as that term is defined in an insurance policy was considered by a court or jury. In your listing include parties' names, identify the court, identify the state or federal district where the proceedings occurred or are pending, and state the case number.

**Request No. 7:** To the extent you have not done so, produce a copy of each documents referred to in your Interrogatory answers.

In its Response [48] [49], Plaintiff argues that these requests seek information that is neither relevant nor material to the issue before the Court. According to Plaintiff, the only issue before the Court is one of contract interpretation, specifically, "whether the pollution exclusions in Defendants' policies preclude coverage for third-party claims or governmental action for damage, loss, or injury resulting from the release of gasoline onto and into the soil of

Defendants' property and the leeching of that gasoline into the soil/water on neighboring landowners' property." Plaintiff argues that "there can be no question regarding the non-ambiguity of the pertinent contract provisions," and therefore, information concerning how Plaintiff has previously handled claims involving gasoline leaks and whether Plaintiff has consistently characterized gasoline as a pollutant is irrelevant.

"Where an insurance policy is clear and unambiguous, the meaning and effect of the policy is a question of law." *Essex Ins. Co. v. Greenvill Convalescent Home, Inc.*, 236 Fed. App'x. 49, 51 (5th Cir. 2007) (citing *Love By Smith v. McDonough*, 758 F.Supp. 397, 399 (S.D. Miss. 1991)). The policy itself is the sole manifestation of the parties' intent, and no extrinsic evidence is permitted absent a finding by a court that the language is ambiguous and cannot be understood from a reading of the policy as a whole. *Cherry v. Anthony, Gibbs & Sage*, 501 So. 2d 416, 419 (Miss. 1987). If the terms of the policy are ambiguous, however, courts may consider extrinsic evidence to determine the meaning of the terms. *See Pursue Energy Corp. v. Perkins*, 558 So. 2d 349, 352 (Miss. 1990).

As previously mentioned, Plaintiff argues that there is no question regarding the non-ambiguity of the pollution exclusion as issue in this case. However, courts are not in agreement regarding the ambiguity of pollution exclusions provisions,[1] and this Court has not ruled in this case, with its particular facts, that the policy terms at issue are unambiguous. The parties may address the merits of that issue via appropriate dispositive or other motion. At this stage of litigation, the Court declines to rule on the ambiguity of the subject policy terms. Thus,

---

[1] *See American States Ins. Co. v. Koloms*, 281 Ill. App. 3d 725, 729 (Ill. App. 1996) (compiling cases).

information which might be produced in response to the subject discovery requests could be relevant to the issues before the Court.[2]

Plaintiff also objected to these requests as not limited to a reasonable time or geographic scope. Subsequently, Defendants offered to limit their requests to "Mississippi gasoline leak claims made in the past five years." *See* Rebuttal [50]. Plaintiff, however, argues that even with these limitations, the requests remain unduly burdensome. According to Plaintiff, 3,596 claims from insureds in Mississippi were submitted to Plaintiff during that time period, and it would have to manually review each of those claim files in search of gasoline leak claims. The Court finds that this is not unduly burdensome considering the factors delineated in Federal Rule of Civil Procedure 26(b)(1). It appears to the Court that a brief review of a claim file should suffice to determine whether a claim involves a gasoline leak.

Finally, Plaintiff argues that Defendants' discovery requests seeks information which may be protected by the attorney-client privilege, the work product doctrine, or other privileges. Plaintiff does not identify any specific information which is allegedly protected by the attorney-client privilege, the work product doctrine, or other privileges. Thus, the Court is not able to make a determination on the validity of any privileges asserted. As permitted by the Federal Rules of Civil Procedure and Local Rules, Plaintiff may supplement its privilege log to properly identify all allegedly privileged information being withheld, if any.

---

[2] The Court notes that, in their Answer [3], Defendants requested "any relief allowed under the holdings of *Universal Life Ins. v. Veasley*, 610 So. 2d 290, 295 (Miss. 1992)." Pursuant to *Veasley* and subsequent cases, an insurer not liable for punitive damages may still be liable for extra-contractual damages if its decision to deny a claim lacks a reasonably arguable basis, but otherwise fails to rise to the level of an independent tort. *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008).

Accordingly, Defendants' Motion to Compel [43] shall be granted in part. Plaintiff shall supplement its responses to Defendants' discovery requests (except for Interrogatory No. 8) by providing the requested information concerning Mississippi gasoline leak claims for a period of three years prior to the filing of this action to the present. As for Interrogatory No. 8, the Court finds that the request should be limited as follows: Plaintiff shall provide the name, address, title, and telephone number of the employee or contractor who adjusted any claim made for a period of three years prior to the filing of this action to the present concerning Mississippi gasoline leaks.

**Motion to Amend Scheduling Order [38]**

In their Motion to Amend Scheduling Order [38], Defendants request that the Court extend the discovery and motions deadlines by two weeks in order to provide the parties adequate time to resolve their discovery disputes. As the discovery deadline is currently January 10, 2017, the Court will extend the discovery deadline to January 17, 2017, for the sole purpose of allowing Plaintiff to produce the discovery ordered herein. Additionally, the Court will extend the motions deadline to January 31, 2017.

**Motion to Strike [51]**

In support of its Motion to Compel, Defendants submitted a scholarly article along with it Rebuttal [50]. *See* Exhibit [50-2]. The article discusses the issue of insurance companies denying coverage based on pollution exclusions. Plaintiff filed its Motion [51], requesting that the Court strike the exhibit as improperly submitted expert testimony. The Court, however, has ruled on the Motion to Compel and did not reference or rely on the exhibit in making that ruling. According, the Court finds that the Motion to Strike should be denied as moot.

IT IS, THEREFORE ORDERED that:

1. Defendants' Motion to Amend Scheduling Order [38] is GRANTED in part and DENIED in part;

2. The discovery deadline is extended to January 17, 2017, for the sole purpose of allowing Plaintiff to produce the discovery ordered herein;

3. The deadline for motions (other than motions *in limine*) is extended to January 31, 2017;

4. All other provisions and deadlines contained in the Case Management Order [10] remain in place;

5. Defendants' Motion to Compel [43] is GRANTED in part and DENIED in part as set forth herein,

6. On or before January 17, 2017, Plaintiff shall supplement its responses to Defendants' discovery responses as set forth above; and

7. Plaintiff's Motion to Strike [51] is DENIED as moot.

SO ORDERED this the 6th day of January, 2017.

                                          s/Michael T. Parker
                                          UNITED STATES MAGISTRATE JUDGE