IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GRAIN DEALERS MUTUAL INSURANCE COMPANY**                                    **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 2:16-cv-39-KS-MTP**

**TAMMY COOLEY, ET AL.**                                                      **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on the Motion for Sanctions Under Fed. R. Civ. P. 30(d)(2) [58] filed by Defendants Tammy Cooley, Walter Cooley, and Sunrise Trading Post, LLC. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion should be denied.

In this declaratory judgment action, Plaintiff Grain Dealers Mutual Insurance Company seeks a declaration that its policy with the Defendants precludes coverage for third-party claims relating to a gasoline leak that occurred at the Defendants' gas station. Specifically, Plaintiff argues that the policy's pollution exclusion precludes coverage for claims relating to the leeching of gasoline into the soil and/or water on neighboring landowners' properties.

On June 28, 2016, the Court entered a Case Management Order [10] which set a discovery deadline of January 10, 2017. On November 9, 2016, more than four months after the Court entered the Case Management Order, Defendants served interrogatories, requests for production of documents, and requests for admissions on Plaintiff. *See* Notices [25] [26] [27]. On December 13, 2016, Plaintiff served its discovery responses. *See* Notice [34]. The parties had disagreements over several discovery requests and responses, and on December 21, 2016, the Court conducted a discovery conference and set an expedited briefing schedule for any discovery motions because of the then-approaching discovery deadline. *See* Order [42].

1

On December 27, 2016, Defendants filed a Motion to Compel [43].  On January 6, 2017, the Court granted in part and denied in part the Motion to Compel [43]. *See* Order [54].  The Court also extended the discovery deadline to January 17, 2017, for the sole purpose of allowing Plaintiff to produce the discovery ordered by the Court. *Id*.

On December 16, 2016, Defendants provided Plaintiff a draft 30(b)(6) notice and requested dates for Plaintiff's 30(b)(6) deposition.  On the discovery deadline, January 10, 2017,[1] Defendants deposed Plaintiff.  On January 23, 2017, the Court conducted a telephonic conference with the parties regarding their disputes arising from this deposition, and the Court set an expedited briefing schedule for any discovery motion relating to the deposition. *See* Order [57].[2]

On January 26, 2017, Defendants filed the instant Motion [58], arguing that the conduct of Plaintiff's counsel during the deposition frustrated the fair examination of Plaintiff.  Defendants seek attorney's fees and costs and permission to reconvene the deposition.  Pursuant to Fed. R. Civ. P. 30(d)(2), this Court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

As the discovery deadline expired on January 10, 2017, the Court must address the timing of the instant Motion [58].  Local Rule 7(b)(2)(C) dictates that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling

---

[1] January 10, 2017, was the discovery deadline for all purposes other than allowing Plaintiff to produce the discovery ordered by the Court in Order [54].

[2] The Court informed the parties that the entry of Order [57] did not suggest that the Court would consider any such discovery motion timely filed.

by the court and time to effectuate the court's order before the discovery deadline." Defendant filed the instant Motion on January 26, 2017, sixteen days after the discovery deadline.

Defendants argue that the timing of the subject deposition and the instant Motion resulted from Plaintiff's "improper conduct" with regard to Defendants' discovery requests. As previously mentioned, the Court entered the Case Management Order [10] on June 28, 2016, and Defendants waited more than four months—until November 9, 2016—to serve discovery requests on Plaintiff. *See* Notices [25] [26] [27]. On December 27, 2016, Defendants filed a Motion to Compel [43] regarding Plaintiff's discovery responses, and the Court granted the Motion [43] in part. *See* Order [54]. The Court, however, did not find that Plaintiff had acted in bad faith or taken any dilatory actions. Instead, the Court resolved a good-faith disagreement between the parties regarding the proper scope of discovery. The fact that this disagreement over written discovery was not resolved until four days prior to the discovery deadline is primarily the result of Defendants' four-month delay in conducting discovery in this action.

Despite the fact that the parties were granted more than six months to conduct discovery, Defendants did not depose Plaintiff until the discovery deadline. Now, the discovery deadline has long passed, and Defendants have not established good cause for the Court to address the parties' discovery disputes. *See Grey v. Dallas Independent School Dist.*, 265 Fed. App'x. 342, 348 (5th Cir. 2008); *Turnage v. General Elec. Co.*, 953 F.2d 206, 209 (5th Cir. 1992); *Teeuwissen v. JP Morgan Chase Bank, N.A.*, 2012 WL 1969063, at *3 (S.D. Miss. May 31, 2012) ("With Plaintiffs having disregarded the discovery process for months, the Court is not in a position to now entertain numerous untimely motions to compel, for sanctions, or other relief.").

Nevertheless, after a careful review of the deposition, the Court finds that the Motion [58] should be denied on its merits. Although there were a number of unnecessary objections, Plaintiff's counsel did not frustrate the examination of the deponent to such an extent that remedial actions are necessary or appropriate.

Many of the "form" objections were arguably meritorious, though counsel plainly overused the objection. Defendants were able to complete the deposition and obtain sufficiently responsive answers to the questions posed to Plaintiff. Moreover, Defendants point to no specific information that they were unable to obtain or could not have obtained during the deposition.

IT IS, THEREFORE, ORDERED that Defendants' Motion for Sanctions Under Fed. R. Civ. P. 30(d)(2) [58] is DENIED.

SO ORDERED this the 2nd day of February, 2017.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE